IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ERIC CAMILLI | : | |
|---|---|---|
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 18-2849 |
| WAL-MART STORES, INC. ET AL. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                     **MARCH 28, 2019**

Plaintiff filed a negligence action against Defendants in the Philadelphia County Court of Common Pleas. Defendants Wal-Mart, Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores, Inc. removed the case to this Court on July 2, 2018, on the basis of diversity jurisdiction. (ECF No. 1.) Presently before the Court is Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 29), in which Plaintiff seeks to join two individual defendants, one of whom had been fictitiously named in Plaintiff's Complaint. The joinder of these defendants would destroy the parties' diversity. For the reasons that follow, Plaintiff's Motion will be granted.

## I. BACKGROUND

### A. Factual Background

Plaintiff Eric Camilli is a Delaware County, Pennsylvania, resident. (Compl. ¶ 1, Notice of Removal Ex. A, ECF No. 1.) On the morning of September 1, 2016, Plaintiff visited a Wal-Mart store located in Boothwyn, Delaware County. (*Id.* ¶¶ 3, 8.) While in the store, Plaintiff knelt down to examine some merchandise. (*Id.* ¶ 9.) Plaintiff alleges that, as he was examining the merchandise, an employee who had been standing on a ladder next to him stepped off the ladder and fell on him. (*Id.* ¶¶ 8, 9.) As a result of the employee falling on him, Plaintiff

sustained injuries to his neck and back that have caused him pain and significant medical expense. (*Id.* ¶¶ 10, 23-25.)

The employee who allegedly fell on Plaintiff was later identified as Kate Idun. A manager, later identified as Jennifer McLaughlin, took a Customer Incident Report regarding the fall, which McLaughlin and Plaintiff both signed. (*Id.* ¶ 11; Customer Incident Report, Mot. to Amend Ex. B.) Plaintiff states that McLaughlin and another Defendant, Joe Davis, are management employees at Wal-Mart who are responsible for training and safety. (Compl. ¶ 4.) One of Plaintiff's proposed defendants, Alycia Holloway, was responsible for maintaining and monitoring the camera system that would have recorded this incident. (Proposed Am. Compl. ¶ 25, Mot. to Amend Ex. A.)

### B. Procedural Background

On May 29, 2018, Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas against Defendants Wal-Mart, Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP (collectively, "Wal-Mart Defendants"), Joe Davis, and the fictitiously-named Employee 1 and Manager 1. (Compl.) The Complaint states that Plaintiff is a Pennsylvania resident; all the Wal-Mart entities have their principal places of business in Arkansas; and that Joe Davis, Employee 1, and Manager 1 are all residents of Pennsylvania. (*Id.* ¶¶ 1-2, 12-14.) The Complaint further identifies Employee 1 as the employee who fell on Plaintiff and identifies Manager 1 as the manager in charge at the time of the fall, who was also responsible for taking the Customer Incident Report regarding the fall. (*Id.* ¶¶ 5, 11.)

The Wal-Mart Defendants removed the case on July 2, 2018, pursuant to 28 U.S.C. § 1332. (Notice of Removal.) In their Notice of Removal, the Wal-Mart Defendants state that there is complete diversity between Plaintiff and all Defendants because: (1) Joe Davis is in fact

2

a Florida resident, not a Pennsylvania resident, as the Complaint claimed; (2) the fictitiously-named Defendants, although alleged to be Pennsylvania residents, must be disregarded pursuant to 28 U.S.C. § 1441(a) for the purpose of determining diversity; and (3) the Wal-Mart Defendants are completely diverse from Plaintiff.

On July 10, 2018, the Wal-Mart Defendants filed a motion for a more definite statement pursuant to Rule 12(e). (ECF No. 3.) This motion was granted by stipulation that was approved on July 17, 2018. (ECF No. 4.) On July 18, 2018, Plaintiff received the Wal-Mart Defendants' initial disclosures identifying Employee 1 and Manager 1 as Kate Idun and Jennifer McLaughlin, both Pennsylvania residents. (Def.'s Initial Disclosures, First Mot. to Amend Ex. 2, ECF No. 6.) On July 20, 2018, after receiving these disclosures, Plaintiff filed motions seeking to join as defendants Kate Idun and Jennifer McLaughlin as Employee 1 and Manager 1, and seeking remand. (First Mot. to Amend.) The Wal-Mart Defendants filed a response in opposition to the motions on August 3, 2018. (ECF No. 8.) Plaintiff filed a reply on August 10, 2018. (Pl.'s Reply re First Mot. to Amend, ECF No. 10.) The Wal-Mart Defendants filed a sur-reply on August 17, 2018. (ECF No. 12.) Plaintiff filed a supplemental reply on November 1, 2018. (ECF No. 26.)

On August 9, 2018, while the parties were litigating Plaintiff's motions, Plaintiff filed an amended complaint without leave of court that named Holloway and McLaughlin, but not Idun, as Defendants. (ECF No. 9.) McLaughlin and Holloway are both Pennsylvania residents. (*Id.*) On August 31, 2018, Plaintiff filed a parallel action in the Philadelphia County Court of Common Pleas against Wal-Mart Stores East, LP, Davis, McLaughlin, Holloway, and Idun. *See* Compl., *Camilli v. Wal-Mart Stores East, LP et al.*, No. 180803320 (Phila. Cty. Ct. Com. Pl. Aug. 31, 2018). On December 27, 2018, that case was dismissed because of the existence of this

litigation. *See* Order, *Camilli*, No. 180803320 (Phila. Cty. Ct. Com. Pl. Dec. 27, 2018). On September 6, 2018, Plaintiff filed another amended complaint without leave of court that also named Holloway and McLaughlin, but not Idun, as Defendants. (ECF No. 17.)

Because Plaintiff failed to attach a proposed amended complaint to his original motion to amend and remand the Complaint, and because the parties named in Plaintiff's subsequent filings were not the same as those requested in his motions, on February 21, 2019, Plaintiff's motions were dismissed without prejudice and his amended complaints were stricken from the record. (ECF No. 28.) Plaintiff was given leave to file an amended motion to amend his complaint and to attach a proposed amended complaint. On March 5, 2019, Plaintiff filed the instant Motion to Amend and attached a proposed amended complaint. (Mot. to Amend.) In his proposed amended complaint, Plaintiff only seeks to join McLaughlin and Holloway as Defendants. On March 5, 2019, the Wal-Mart Defendants filed a Response in opposition to Plaintiff's Motion to Amend. (Def.'s Resp., ECF No. 29.)

## II. DISCUSSION

The dispute before us centers on whether Plaintiff may amend the Complaint to join defendants who are citizens of the same state as Plaintiff, and whose joinder would therefore destroy the complete diversity of the parties.

### A. Applicable Law

Federal Rules of Civil Procedure 15(a) and 20 permit a plaintiff to amend his or her pleadings to join additional defendants to an action. However, when presented with joinder of new defendants that would destroy diversity, the court must analyze the proposed joinder under 28 U.S.C. § 1447(e). Section 1447(e) states that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may

4

deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also John Doe # 4 v. Soc'y for Creative Anachronism, Inc.*, Nos. 07-1439, 07-1440, 2007 U.S. Dist. LEXIS 53644, at *10 (E.D. Pa. Jul. 25, 2007) ("Section 1447(e) supersedes Rule 15."); *Lehigh Mech., Inc. v. Bell Atl. Tricon Leasing Corp.*, No. 93-673, 1993 U.S. Dist. LEXIS 10678, at *9 (E.D. Pa. Aug. 2, 1993) ("Despite the language of Rule 15(a) permitting a party to amend a pleading once as a matter of course at any time before a responsive pleading is served, . . . . the courts apply the discretionary review of section 1447(e) even when the party amends the complaint to join a party before the defendant serves a responsive pleading.").

The Third Circuit "has not yet addressed the appropriate analytical approach to § 1447(e)." *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840-41 (3d Cir. 2014). However, courts in this Circuit routinely use the test set forth in the Fifth Circuit case *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *See, e.g., Aldorasi v. Crossroads Hosp. & Mgmt. Co., LLC*, 344 F. Supp. 3d 814, 826-28 (E.D. Pa. 2018); *Taylor v. GGNSC Phila., LP*, No. 14-7100, 2015 U.S. Dist. LEXIS 127255, at *12 (E.D. Pa. Sept. 22, 2015); *Stewart v. Wal-Mart Distribution Ctr.*, No. 12-4958, 2013 U.S. Dist. LEXIS 51951, at *5 (E.D. Pa. Apr. 11, 2013). The court in *Hensgens* held that, when analyzing a § 1447(e) joinder, a court should assess the following factors: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction[;] [2] whether plaintiff has been dilatory in asking for amendment[;] [3] whether plaintiff will be significantly injured if amendment is not allowed[;] and [4] any other factors bearing on the equities." *Id.* at 1182. We will assess each of the factors.

### B. The Extent to Which the Purpose of the Amendment is to Destroy Federal Jurisdiction

The first *Hensgens* factor deals with the extent to which the purpose of the amendment is to defeat jurisdiction. When addressing this factor, courts consider whether the plaintiff was

5

aware of the non-diverse defendants at the time the complaint was filed in state court and whether the plaintiff has otherwise engaged in forum-shopping. *See, e.g.*, *Aldorasi*, 344 F. Supp. 3d at 826-27 (analyzing first *Hensgens* factor based on plaintiff's prior knowledge of proposed defendants); *Grafstrom v. Chiquita Brands Int'l, Inc.*, No. 11-387, 2011 U.S. Dist. LEXIS 39957, at *3 (E.D. Pa. Apr. 13, 2011) (denying remand because, *inter alia*, plaintiff had already exhibited a tendency to forum-shop by filing lawsuit in county other than his county of residence). Defendant argues that it is also appropriate to consider the fraudulent joinder doctrine as a factor in our analysis. With these considerations in mind, we are satisfied that the primary purpose of Plaintiff's amendment is not to destroy diversity.

        *1.     Whether Plaintiff Was Aware of the Non-Diverse Defendants at the Time the Complaint Was Filed*

It is reasonable to assume that Plaintiff was unaware of the identities of the non-diverse defendants at the time that the Complaint was filed. With regard to Holloway, the parties do not dispute that Plaintiff was unaware of Holloway's role or identity prior to filing his Motion to Amend. Regarding Idun and McLaughlin, the Wal-Mart Defendants maintain that Plaintiff interacted with them during and after the alleged fall and that they were wearing name badges at the time. Moreover, McLaughlin signed the Customer Incident Report, as did Plaintiff, after the incident. Therefore, Wal-Mart argues, Plaintiff would have been aware of Idun's and McLaughlin's identities and would have named them as defendants if he had been serious about pursuing claims against them. Plaintiff responds that he was unaware of their identities until the Wal-Mart Defendants provided their initial disclosures, and that Plaintiff would have included their names in the initial Complaint if he had known them. Plaintiff maintains that his good faith in attempting to join McLaughlin is demonstrated by the fact that she was fictitiously named in his initial Complaint. Plaintiff's position is supported by a number of cases that hold that

fictitiously naming defendants demonstrates the plaintiff's good faith in later joining those defendants. *See, e.g., Montalvo v. Doe*, No. 10-2617, 2010 U.S. Dist. LEXIS 106143, at *11 (E.D. Pa. Oct. 5, 2010) ("The first *Hensgens* consideration weighs in favor of plaintiff because . . . . [i]n his complaint, plaintiff made allegations against the John Doe defendants but merely lacked their names."); *Smith v. CatoSouth, LLC*, 432 F. Supp. 2d 679, 681 (S.D. Miss. 2006) ("[T]he fact that a plaintiff has included a defendant as a fictitious defendant in his state court pleading would tend to belie an inference that the plaintiff's motivation for seeking to amend post-removal to substitute a real party for the one previously identified only as a fictitious party is to defeat diversity jurisdiction."); *Gilberg v. Stepan Co.*, 24 F. Supp. 2d 355, 358 (D.N.J. 1998) (finding that plaintiff's use of Doe defendants in original complaint indicated intent to join real defendants once their identities were known, rather than intent to destroy diversity). Moreover, the fact that Idun and McLaughlin might have been wearing name badges on the day of this traumatic incident does not establish that Plaintiff knew their names when he filed the original Complaint, more than a year and a half later. In addition, McLaughlin's signature on the Customer Incident Report is illegible. In fact, if Plaintiff knew their names, there was no reason for him to refer to them as Manager 1 and Employee 1. We are satisfied that Plaintiff was unaware of Holloway's or McLaughlin's identities.

### 2. *Whether Plaintiff has Already Engaged in Forum-Shopping*

The Wal-Mart Defendants argue that Plaintiff's purpose in seeking amendment is to destroy diversity because Plaintiff had already engaged in forum-shopping: he filed his suit in Philadelphia County even though he resides in, and the incident took place in, Delaware County. It is undeniable that Plaintiff engaged in some level of forum-shopping by choosing Philadelphia County, rather than Delaware County, as his venue. However, that instance of forum-shopping

is only one factor to consider in analyzing whether the proposed joinder is merely a tactic to destroy diversity. Plaintiff's choice of venue, alone, should not preclude him from joining parties in a good faith attempt to bring legitimate claims against them.

### 3. *Consideration of Fraudulent Joinder Doctrine*

The Wal-Mart Defendants argue that Plaintiff's amendment is not a good faith attempt to bring legitimate claims against the proposed defendants. Specifically, the Wal-Mart Defendants argue that, under the fraudulent joinder doctrine, Plaintiff has failed to bring even colorable claims against the proposed defendants. Fraudulent joinder occurs when non-diverse *named* parties are joined for the purpose of destroying diversity and "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 216-17 (3d Cir. 2006) (internal quotation marks and citation omitted). Courts have recognized that the fraudulent joinder doctrine may be an appropriate element in the § 1447(e) analysis. However, courts have differed as to its effect. *See Shur v. LA Weight Loss Ctrs., Inc.* 577 F.3d 752, 764 (7th Cir. 2009) (finding fraudulent joinder analysis relevant but not dispositive); *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) (finding that fraudulent joinder could be a dispositive factor in deciding whether joinder proper under § 1447(e)); *Montalvo v. Doe*, No. 10-2617, 2010 U.S. Dist. LEXIS 106143, at *5 (E.D. Pa. Oct. 5, 2010) (addressing fraudulent joinder "as a preliminary matter" in § 1447(e) analysis); *Powers v. Southland Corp.*, No. 92-1717, 1992 U.S. Dist. LEXIS 8642, at *10 (E.D. Pa. June 15, 1992) (addressing fraudulent joinder in § 1447(e) analysis). The Third Circuit has not spoken on this issue. We will address Wal-Mart's contention.

8

When deciding whether a claim is colorable in a fraudulent joinder analysis, the court need not determine whether the claim would survive a motion to dismiss. *Hogan v. Raymond Corp.*, 536 F. App'x 207, 210 (3d Cir. 2013) ("The plaintiff's mere failure to state a claim does not satisfy this standard . . . ."). Rather, "the plaintiff's claim must . . . be so 'wholly insubstantial and frivolous' as to fail to invoke the subject matter jurisdiction of the District Court." *Id.* (citation omitted). All contested issues of substantive fact and uncertainties as to the current state of controlling substantive law must be resolved in favor the plaintiff. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (internal quotation marks and citation omitted).

        i.      Whether There is a Reasonable Basis in Fact or Colorable Ground Supporting Plaintiff's Claims

First, Defendant argues that McLaughlin, as a manager, cannot be held liable for Wal-Mart's torts unless she actively participated in the tort. Pennsylvania law states that managers cannot be held liable for nonfeasance—"i.e., the omission of an act which a person ought to do"—when a plaintiff brings a negligence suit against the manager's employer. *Loeffler v. McShane*, 539 A.2d 876, 878 (Pa. Super. Ct. 1988) (citing *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983)). Rather, a complaint must allege that the manager has engaged in misfeasance—"the improper performance of an act"—in order to be held liable for their employer's negligence. *Id.* Therefore, a complaint that only alleges negligent inactions of a manager is not colorable. *See, e.g., Aldorasi*, 344 F. Supp. 3d at 823-24 (finding joinder of managers of employer fraudulent because claims against them only alleged nonfeasance).

9

In this case, McLaughlin was responsible for safety at the store. The Complaint could be read to allege that McLaughlin performed acts improperly: Defendants "fail[ed] to *adequately train* employees. . . ; fail[ed] to *properly monitor and supervise* employees . . . ; fail[ed] to *properly maintain* video cameras . . .; fail[ed] to post *adequate* warning signs . . . ." Proposed Am. Compl. ¶¶ 36(b), (c), (l), (p) (emphasis added); *see also Ramos v. Wal-Mart Stores*, 202 F. Supp. 3d 457, 463-64 (E.D. Pa. 2016) (interpreting allegation that defendants "are directly negligent for their *failures to adequately train* the John Doe Walmart Cashier" as allegation of misfeasance rather than nonfeasance because defendants "are liable for 'the improper performance of an act,' not the mere 'omission of an act which a person ought to do.'" (citing *Brindley v. Woodland Vill. Rest., Inc.*, 652 A.2d 865, 868 (Pa. Super. Ct. 1995)) (emphasis added).[1]

Next, Defendant argues that the claims against Holloway are not colorable because they consist of negligent spoliation of evidence or nonfeasance by a manager, neither of which are cognizable claims under Pennsylvania law. It is unclear whether or when Pennsylvania law allows spoliation of evidence as an independent cause of action, rather than as the basis for an evidentiary sanction. *See Pyeritz v. Commw.*, 32 A.3d 687, 692 (Pa. 2011) (citing *Schroeder v.*

---

[1] We note that some district courts have interpreted Pennsylvania law differently. *See, e.g., Kane v. Wal-Mart Stores E., LP*, No. 18-5285, 2018 U.S. Dist. LEXIS 217772, at *3 (E.D. Pa. Dec. 31, 2018) (finding only allegations of nonfeasance when complaint alleged defendant "fail[ed] to properly train employees under his supervision" and "fail[ed] to properly monitor and supervise employees under his supervision"); *Aldorasi*, 344 F. Supp. 3d at 824 (finding only allegations of nonfeasance for "[f]ail[ing] to properly train, instruct and/or hire employees and/or third persons to monitor the conditions of the area where the accident occurred" and "[f]ail[ing] to establish appropriate policies and procedures"); *Jackson v. Burlington Coat Factory*, No. 17-2459, 2017 U.S. Dist. LEXIS 131233, at *10-11 (E.D. Pa. Aug. 17, 2017) (finding only allegations of nonfeasance when complaint alleged defendant "fail[ed] to timely and adequately inspect" and "fail[ed] to timely and adequately maintain"). However, this Court's independent research has not revealed any Pennsylvania appellate decision addressing allegations such as these, and we are required to resolve all uncertainties as to the current state of controlling law in favor the plaintiff. *Boyer*, 913 F.2d at 111.

10

*Commw.*, 710 A.2d 23, 27 (Pa. 1998) (adopting Third Circuit's approach to sanctions for spoliation of evidence)). The Pennsylvania Supreme Court has held that *negligent* spoliation is not a viable cause of action. *See Pyeritz*, 32 A.3d at 692 ("[W]e have never imposed a duty in tort not to commit negligent spoliation of evidence, and we now hold that such a cause of action is not viable in Pennsylvania."). No Pennsylvania appellate court has reached the question of whether *intentional* spoliation of evidence may be a cause of action in Pennsylvania. *See Kelly v. St. Mary Hosp.*, 694 A.2d 355, 357 (Pa. Super. Ct. 1997) ("The only appellate court to have considered the issue declined on procedural grounds to decide whether spoliation of evidence constitutes a valid cause of action in Pennsylvania. . . . We, like the court in *Olson*, find that we do not reach the question of whether Appellant has presented a new cause of action . . . ." (citing *Olson v. Grutza*, 631 A.2d 191 (Pa. Super. Ct. 1993))).

The proposed amended complaint alleges that Defendants are liable for "negligently and/or intentionally fail[ing] to preserve video of this accident." (Proposed Am. Compl. ¶ 32.) Even though Plaintiff's claim against Holloway in Count II is captioned "Negligence," it specifically incorporates "the allegations set forth elsewhere," (*id.*) including alleged "negligent *and/or intentional*" spoliation (*id.* ¶ 43). We cannot say that there is no possibility that a state court would find that the complaint states a cause of action against Holloway. *Boyer*, 913 F.2d at 111. The remaining claims against Holloway, like those against McLaughlin, could be interpreted as misfeasance rather than nonfeasance. (*See, e.g.*, Proposed Am. Compl. ¶ 43(g) (alleging that Holloway "fail[ed] to properly monitor and supervise employees").)

Finally, the Wal-Mart Defendants contend that Plaintiff's claims against McLaughlin and Holloway fail because Wal-Mart will satisfy any judgment against them through the doctrine of *respondeat superior*. Although Wal-Mart may ultimately satisfy any judgment entered against

11

McLaughlin and Holloway, Plaintiff has every right to include them in his Complaint. There are any number of reasons why he may want to do so. *See, e.g., Aldorasi*, 344 F. Supp. 3d at 828 (discussing advantages of bringing personal injury action against employee and employer together). We are satisfied that Plaintiff's claims against the proposed defendants are colorable.

      ii.  <u>Whether Plaintiff Has a Good Faith Intention to Prosecute</u>

In the fraudulent joinder analysis, we must also assess whether Plaintiff has a good faith intention to prosecute the action against the proposed defendants. We are satisfied that Plaintiff has a good faith intention because he named them fictitiously in his original complaint, moved to amend the complaint to add them as defendants at the same time he moved to remand, and he actually filed a lawsuit in state court against them. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) ("In determining that a plaintiff actually intends to proceed against Doe defendants, courts have relied on such indicia as an attempt, subsequent to filing the complaint, to identify the Does through discovery, or to substitute named defendants. Conversely, courts have found fraudulent joinder . . . where plaintiffs failed—at the time of moving for remand to state court—to also move for joinder of newly identified Doe defendants, in the event the case was not remanded." (internal citations omitted)); *Marker v. Chesapeake Life Ins. Co.*, No. 10-729, 2011 U.S. Dist. LEXIS 72378, at *5 (E.D. Pa. July 6, 2011) (allowing joinder because, *inter alia*, plaintiff demonstrated good faith by filing parallel suit against proposed defendant in state court).

The above factors, on balance, demonstrate that Plaintiff's primary purpose in seeking amendment is not to destroy diversity.

## C. Whether Plaintiff has Been Dilatory in Seeking Amendment

Wal-Mart Defendants do not argue that Plaintiff has been dilatory in seeking amendment in this case. Plaintiff filed his first motion to amend less than two months after filing his initial complaint and only two days after allegedly learning the identities of McLaughlin and Holloway. *See Stewart*, 2013 U.S. Dist. LEXIS 51951 at *9-10 (holding plaintiff not dilatory in seeking joinder when plaintiff moved for joinder three months after filing initial complaint). There is no basis on which to find that Plaintiff has been dilatory.

## D. Whether Plaintiff Will be Significantly Injured if Amendment is Not Allowed

The third factor in the *Hensgens* analysis requires us to assess whether Plaintiff will be significantly injured if amendment is not allowed. In *Aldorasi v. Crossroads Hospitality and Management Co., LLC*, the court summarized the issues that could potentially prejudice the plaintiff:

> [D]istrict courts within the Third Circuit have recognized that the burden of maintaining parallel state and federal actions, requiring duplicative work and raising the prospect of inconsistent rulings, is both economically and, potentially, legally prejudicial to the plaintiff. Courts have also suggested that even where, as here, a judgment against the defendants to be joined may ultimately be satisfied by their employer, denial of amendment may prejudice the plaintiff by preventing him from protecting himself against possible defenses to respondeat superior liability [such as employees acting outside the scope of their employment].

344 F. Supp. 3d at 828 (citations omitted). Plaintiff maintains that he has a right to pursue the joinder defendants in state court and will do so because it is far from clear that Wal-Mart would satisfy a potential judgment.[2] Plaintiff has demonstrated good faith by actually initiating an action against the Wal-Mart Defendants and the proposed defendants in state court. *See, e.g.*,

---

[2] Plaintiff points out that Wal-Mart, despite being a national retailer, is self-insured and may not be able to satisfy a judgment, given the closure of major retail stores across the country, including "Wal-Mart-owned, Sam's Club." (Pl.'s Reply re First Mot. to Amend 4-5.) Neither party has submitted any evidence to support or oppose this argument.

13

*Marker*, 2011 U.S. Dist. LEXIS 72378, at *5 (allowing joinder because, *inter alia*, plaintiff demonstrated good faith by filing parallel suit against proposed defendant in state court). Moreover, the burdens of parallel litigation and complicated evidentiary arrangements between actions persuades us that Plaintiff will be significantly injured if amendment is not allowed.

### E. Other Factors Bearing on the Equities

Courts have found several other factors bearing on the equities when a proposed joinder would destroy diversity. First, "it is important to note that there is a general presumption in favor of state jurisdiction." *Estate of Horvath v. Ciocca*, No. 07-2685, 2008 U.S. Dist. LEXIS 27791, at *14 (E.D. Pa. Apr. 4, 2008). For example, in one Pennsylvania district court case, the court considered important "the efficient use of judicial resources . . . and the expertise of the court relative to the applicable law." *Taylor v. GGNSC Phila., LP*, No. 14-7100, 2015 U.S. Dist. LEXIS 127255, at *7 (E.D. Pa. Sept. 22, 2015). These considerations favor amendment and remand in "the interest of judicial economy by avoiding the risk of parallel litigation and ensur[ing] that Plaintiff's Pennsylvania law claims are decided by a Pennsylvania court." *Aldorasi*, 344 F. Supp. 3d at 828 (citing to *Taylor*). In this case, as discussed above, it is important to both the parties and the courts to avoid parallel litigation. Plaintiff has already sought to bring a parallel action in state court. In addition, Plaintiff's claims are entirely based in Pennsylvania law and are preferably adjudicated in Pennsylvania courts.

Finally, courts also consider the effect remand will have on the defendant. On the one hand, federal court may offer procedural advantages to the defendant. *See Aldorasi*, 344 F. Supp. 3d at 828. On the other hand, in cases potentially involving *respondeat superior* liability, the principal "may possibly benefit from" joinder of its agents because then the principal "would not have to defend itself in two separate actions." *Marker*, 2011 U.S. Dist. LEXIS 72378, at *17.

14

In this case, the Wal-Mart Defendants admit that Plaintiff's lawsuit involves *respondeat superior* liability, in which case the Wal-Mart Defendants themselves may benefit from being involved in the defense of their employees that Plaintiff seeks to join. We are satisfied that amendment is appropriate and equitable. Plaintiff will be permitted to file the proposed amended complaint to add the proposed defendants.

### F. Remand

Jurisdiction in a federal district court may be based upon complete diversity under 28 U.S.C. § 1332, which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . ." 28 U.S.C. § 1332(a)(1). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e)).

Here, the Wal-Mart Defendants removed the case to this Court on the basis of diversity jurisdiction. (Notice of Removal.) The joinder of the proposed defendants is perfectly reasonable under the circumstances. Because the proposed defendants are all citizens of Pennsylvania, joinder of the defendants will destroy this Court's subject matter jurisdiction. Therefore, upon filing and docketing of a Third Amended Complaint, the Court will review the Complaint and remand the action to state court consistent with this Memorandum.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint will be granted. An appropriate Order follows.

BY THE COURT:

R. BARCLAY SURRICK, J.